IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-701-WKW-JTA |
| ) | |
| ALFA INSURANCE COMPANY and ) | |
| HSB INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 20, 2021, Plaintiff Rickey Lett ("Plaintiff"), appearing *pro se*, filed a complaint against Defendants Alfa Insurance Company ("Alfa") and HSB Insurance Company. ("HSB") (collectively "Defendants").  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 9.)

This cause is before the Court on Defendants' motion to dismiss the complaint (Doc. No. 6) and Plaintiff's Motions for Judgment on the Merits (Docs. No. 12, 13, 14).  Plaintiff also filed a Motion to Object to the Defendants' Motion to Dismiss (Doc. No. 15), which is construed by the Court as a Response to the court's Order to show cause (Doc. No. 10). For the reasons stated herein, the undersigned finds that Defendants' motion to dismiss (Doc. No. 6) is due to be GRANTED in part and DENIED in part, and Plaintiff's motions (Docs. No. 12, 13, 14) are due to be DENIED as moot.

## I. BACKGROUND

On October 20, 2021, Plaintiff filed the instant action against Defendants alleging one state law claim for fraud[1] for the denial of his insurance claims. (Doc. No. 1 at 4–5.) Plaintiff alleges that in September and October 2021, he submitted two insurance claims to Defendants for ceiling damage to his residence from a busted water heater in his attic. (Doc. No. 1 at 2-3.) Plaintiff complains that Defendants denied his claims by using "a false instrument, fraud, deceit, false pretence [sic], perjury, beguile, deceive, practice deluding, stood in the door way, discrimination, discourage the plaintiff['s] claims, … [and] denied his civil rights." (Doc. No. 1 at 2-3.) Plaintiff further alleges he is Black and that Defendants refused to allow him to get his own estimate from a private contractor to repair the damage. (*Id*. at 3-4.) Plaintiff seeks any and all appropriate relief, including "equitable relief, injunctive relief, compensatory, extraordinary, punitive, liquidated damages, fees and costs." (*Id*. at 8). Although the prayer for relief does not state the specific amount of monetary damages sought, Plaintiff's jurisdictional statement provides that he demands relief in the amount of $2.8 billion. (*Id*. at ¶ 4.)

Plaintiff asserts this court has subject matter jurisdiction over this lawsuit based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (*Id*. at ¶¶ 1-4.) In addition to the declared amount in controversy of $2.8 billion, Plaintiff alleges diversity of citizenship

---

[1] Plaintiff also alleges Defendants violated his rights under the Thirteenth, Fourteenth and Fifteenth Amendments of the United States Constitution, his rights under 42 U.S.C. § 2000a, *et seq*., and his equal protection rights. (*Id*. at ¶¶ 8-10.) However, he only listed the one claim for fraud in his Complaint. (*Id*. at ¶¶ 6-10.)

exists because he is a citizen of Alabama, Alfa is located in Alabama, and HSB is located in Pennsylvania. (*Id*.)

On November 15, 2021, Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6 at 1–2.) Defendants argue this Court lacks diversity subject matter jurisdiction in accordance with 28 U.S.C. § 1332(a)(1). (*Id*. at 1.) Defendants contend that Plaintiff and Alfa are both citizens of the State of Alabama; hence, there is not complete diversity of citizenship between Plaintiff and Defendants. (*Id*.) Defendants also argue that Plaintiff fails to adequately assert federal claims that establish this Court's jurisdiction. (*Id*. at ¶¶ 3, 5.) Defendants further argue that Plaintiff's fraud claim does not comply with Federal Rule of Civil Procedure 9(b). (*Id*. at ¶ 6.) Defendants conclude that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id*. at ¶¶ 5, 6.)

During the pendency of Defendants' motion, the undersigned cautioned Plaintiff that if he "fail[ed] to show cause why the defendants' motion should not be granted . . . the Magistrate Judge will recommend that the defendants' motion be granted and that this case be dismissed." (Doc. No. 10.) Plaintiff, in his mostly illegible objection to Defendants' motion and his three motions for judgment on the merits, responds that this Court should decide this case on its merits rather than procedural grounds and that he has adhered to the Federal Rules of Civil Procedure. (Docs. No. 12, 13, 14, 15 at 4.) Plaintiff did not address Defendants' assertion that this Court lacks subject matter jurisdiction. (Doc. No. 15.)

3

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a district court determines that it lacks subject matter jurisdiction, it must promptly dismiss the case. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). The court should consider its jurisdiction "at the earliest possible stage of the proceedings." *Id.* Even where a party does not properly challenge jurisdiction, the court has an obligation to determine jurisdiction itself. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

There are two types of challenges to subject matter jurisdiction: facial and factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A facial attack tests the complaint to determine if, taking the allegations as true, it pleads facts establishing subject matter jurisdiction. *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack questions whether the complaint and the available evidence outside the pleadings prove subject matter jurisdiction. *Id.* (quoting *Menchaca*, 613 F.2d at 511). It is the plaintiff's burden to satisfy subject matter jurisdiction's requirements. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–

4

22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the court will normally grant the plaintiff leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny leave to replead when doing so would be futile. *See id.* at 182.

Finally, the court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, the court does not have "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.   DISCUSSION

A.   Motion to Dismiss under Rule 12(b)(1)

Federal district courts exercise limited jurisdiction. *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). For a district court to adjudicate a claim it must have diversity or federal question subject matter jurisdiction, or it must act pursuant to a specific statutory grant of jurisdiction. *Id.* (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Diversity jurisdiction requires the case to "be between 'citizens of different states.'" *Thermoset Corp.*, 849 F.3d at 1317 (quoting 28 U.S.C. § 1332(a)(1)). In other words, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Corporations are citizens of all states in which they have been incorporated. 28 U.S.C. § 1332(c). Additionally, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). Diversity jurisdiction is determined as of the time the complaint was filed. *Thermoset Corp.*, 849 F.3d at 1317 (quoting *PTA-FLA, Inc.*, 844 F.3d at 1306). Meanwhile, federal question jurisdiction exists where a claim "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In their motion to dismiss, Defendants raise a facial – rather than factual – attack to subject matter jurisdiction as they point to no evidence outside the Complaint indicating Alfa's citizenship. (*See* Doc. No. 6 at ¶ 1.) Defendants merely note as fact in their pleadings that Alfa is a citizen of Alabama. (*Id.*; Doc. No. 17 at ¶ 4.) This is not evidence outside the Complaint, such as testimony or affidavits, on which a factual challenge to

subject matter jurisdiction may be grounded. *See Lawrence*, 919 F.2d at 1529 (quoting *Mechaca*, 613 F.3d at 511). Thus, Defendants have raised a facial attack to subject matter jurisdiction and, as such, the Court takes as true the factual allegations in the Complaint. *Id.*

Plaintiff's Complaint purports to invoke diversity jurisdiction as the basis of subject matter jurisdiction. (Doc. No. 1 at ¶ 4.) Plaintiff provides Alfa's address as "P.O. Box 11000 Montgomery, Alabama 36191-0001." (Doc. No. 1 at ¶ 2.) It not evident from the face of the Complaint, which is to be liberally construed, whether the provided address is for service of process, a mailing address only, or a principal place of business. Meanwhile, Plaintiff also alleges in the Complaint that he is a citizen of the State of Alabama and resides in Montgomery, Alabama. (Doc. No. 1 at ¶ 1.) Plaintiff then lists HSB with a Pennsylvania address. (Doc. No. 1 at ¶ 3.) Plaintiff's Complaint next states that "Plaintiff and Defendant[s] are diverse as to their citizenship . . . ." (*Id.*) Contrary to Defendants' argument, the undersigned cannot determine from the factual allegations made in the Complaint that Alfa is a non-diverse defendant. Plaintiff's Complaint does not allege the citizenship of Alfa or HSB. Because Defendants only raised a facial attack to this Court's jurisdiction and Plaintiff has not alleged the citizenship of either Alfa or HSB, Defendants' motion to dismiss under Rule 12(b)(1) is due to be denied. *See Lett v. Classic Buick GMC Cadillac*, No. 2:17-cv-373-SRW, 2018 WL 3014448, at *6 (M.D. Ala. Feb. 22, 2018), *adopted* No. 2:17-cv-373-MHT, 2018 WL 1470257, at *1 (M.D. Ala. Mar. 26, 2018) (denying motion to dismiss that mounted a facial attack to a complaint which did not allege the citizenship of defendants).

Nevertheless, consistent with its obligation, the undersigned *sua sponte* considers whether the Court has subject matter jurisdiction to proceed on Plaintiff's fraud claim. *See Arbaugh*, 546 U.S. at 514 (citing *Ruhrgas AG*, 526 U.S. at 583). Plaintiff has clearly failed to meet his burden to allege Defendants' citizenship in his Complaint, which is grounds for dismissal. Ordinarily, Plaintiff should be afforded an opportunity to cure this deficiency by filing an amended complaint that adequately alleges the citizenship of Alfa and HSB. *See* Fed. R. Civ. P. 15(a). However, a district court may properly deny leave to amend the complaint when such amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). While the Court could permit Plaintiff to replead his jurisdiction allegations, doing so would be futile as Plaintiff could not establish diversity jurisdiction against Alfa under any set of facts. The undersigned takes judicial notice of Alfa's incorporation in Alabama, which is publicly available on the Alabama Secretary of State's website.[2] Therefore, Alfa is a citizen of Alabama. Plaintiff is also a citizen of Alabama. Accordingly, complete diversity of citizenship between Plaintiff and Defendants does not exist, and this Court lacks diversity subject matter jurisdiction over Plaintiff's fraud claim.

---

[2] Federal Rule of Evidence 201 permits the courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This Court has previously taken judicial notice of the Secretary of State's business records in deciding diversity subject matter jurisdiction questions. *See, e.g.*, *Lett v. Classic Buick GMC Cadillac*, No. 2:17-cv-373-MHT-SRW, 2018 WL 3014448, at *6 (M.D. Ala. Feb. 22, 2018), *adopted* No. 2:17-cv-373-MHT-SRW, 2018 WL 1470257, at *1 (M.D. Ala. Mar. 26, 2018); *Wells v. Wiregrass Med. Ctr.*, No. 1:15-cv-827-WKW-GMB, 2016 WL 454320, at *3 n.7 (M.D. Ala. Aug. 15, 2016), *adopted* No. 1:15-cv-827-WKW-GMB, 2016 WL 4544352, at *1 (M.D. Ala. Aug. 30, 2016).

2. Motion to Dismiss under Rule 12(b)(6)

Plaintiff's complaint also references that Defendants violated his rights in contravention of 42 U.S.C. § 2000a, *et seq.*, and the Thirteenth, Fourteenth, and Fifteenth Amendments. (Doc. No. 1 at 3–5.) Because the Court is required to liberally construe Plaintiff's Complaint, the Court construes the Complaint as attempting to allege a federal cause of action, and thereby purportedly invoking federal question jurisdiction under 28 U.S.C. § 1331.

Defendants argue that Plaintiff's Complaint fails to establish grounds for his entitlement to relief under federal law and should be dismissed for failure to state a claim under Rule 12(b)(6). (Doc. No. 6 at ¶ 5.) The undersigned agrees.

First, Plaintiff's elusion to the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*, is conclusory and unsupported by reference to any facts other than passing references to himself as "the Black Minority Plaintiff" and that he was denied equal protection under the laws. (Doc. No. 1 at 2–5.) Plaintiff's Complaint fails to contain allegations to support a reasonable inference that Defendants engaged in racial discrimination against him in relation to the denial of his insurance claims. Even under a liberal construction, Plaintiff's allegations of racial discrimination are conclusory and insufficient under the *Twombly* pleading standard to survive a motion to dismiss. Plaintiff does not allege intentional racial discrimination that caused a contractual injury. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). Nor does Plaintiff allege that he was treated differently from comparators who were similarly situated to him in all material respects. *See Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) ("To make out a prima

9

facie case, the plaintiff must point to comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment.") (citation omitted). Thus, the Complaint fails to state a claim for racial discrimination.

Second, the Thirteenth Amendment prohibits the practice of slavery and involuntary servitude, unless it is punishment for a crime. *See* U.S. Const. amend. XIII; *see also United States v. Kozminski*, 487 U.S. 931, 942 (1988) ("[T]he primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War . . . ."). Plaintiff's Complaint does not allege that he was forced to work or otherwise subjected to involuntary servitude as required for a Thirteenth Amendment claim. *See id.* at 943 ("[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction."). Thus, Plaintiff's Complaint fails to state a claim under the Thirteenth Amendment.

Third, the Fourteenth Amendment does not "apply to private parties [such as Alfa and HSB] unless those parties are engaged in an activity deemed to be 'state action.'" *NBC, Inc. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988). Plaintiff does not allege any state action in his Complaint. Therefore, the Complaint fails to state a claim under the Fourteenth Amendment.

Fourth, the Fifteenth Amendment "bans racial discrimination in voting" and "establishes a national policy" prohibiting discrimination against voters "on account of [their] race, color or previous condition of servitude." *Terry v. Adams*, 345 U.S. 461, 467

(1953). Plaintiff does not allege any facts pertinent to voting in an election in his Complaint. Therefore, the Complaint fails to state a claim under the Fifteenth Amendment.

Notwithstanding these pleading deficiencies, the undersigned is uncertain that a more carefully drafted complaint could state no clam for relief. "Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc); *see also Collar v. Rivera*, 823 F. App'x 710, 711–12 (11th Cir. 2020) (quoting *Bank* and reiterating same). Accepting Plaintiff's allegations as true and if given the opportunity to amend, Plaintiff might be able to make out a plausible claim under 42 U.S.C. § 1981. Given the obvious lack of clarity in Plaintiff's complaint and his *pro se* status, the undersigned finds that Plaintiff should be afforded an opportunity to replead his case by filing an amended complaint containing any claims he is raising under federal law.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 6) be DENIED.

2. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 6) be GRANTED.

3. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

4. Plaintiff's motions for judgment on the merits (Docs. No. 12, 13, 14) be DENIED as moot.

5. Plaintiff be afforded an opportunity to file an amended complaint which alleges a claim under federal law in accordance with the Federal Rules of Civil Procedure.[3]

6. This matter be REFERRED BACK to the undersigned for further proceedings.

It is further ORDERED that by **August 29, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive[] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[3] To the extent Plaintiff seeks to bring a fraud claim under state law against Defendants, this Court would only have supplemental jurisdiction under 28 U.S.C. § 1367(a) over that claim if it is related to a claim within the court's original jurisdiction. *See* 28 U.S.C. § 1367(a). Hence, Plaintiff must allege a claim against Defendants that invokes federal question jurisdiction in order for this Court to exercise supplemental jurisdiction over any fraud claim alleged. In other words, Plaintiff is not afforded leave to amend in order to simply restate his fraud claim. If Plaintiff repleads his fraud claim, it must be in addition to a claim stated under federal law for which this Court would have federal question jurisdiction.

DONE this 15th day of August, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE