IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:21-cv-701-WKW-JTA |
| | ) | |
| v. | ) | |
| | ) | |
| ALFA INSURANCE COMPANY and | ) | |
| HSB INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the undersigned[1] on Defendants' Renewed Motion to Dismiss filed by Alfa Insurance Company ("Alfa") and HSB Insurance Company ("HSB") (collectively "Defendants"). (Doc. No. 25.) In addition, Plaintiff Rickey Lett, appearing *pro se*, has filed two motions for judgment on the merits (Docs. No. 29 & 31), two Motions to Object to the Defendants' Renewed Motion to Dismiss (Docs. No. 27 & 28), and two Motions to Object to the Recommendation of the Magistrate Judge (Docs. No. 24 & 32).

The Court construes Plaintiff's first Motion to Object to the Recommendation of the Magistrate Judge (Doc. No. 24) as an Amended Complaint. In addition, the Court construes Plaintiff's Motions to Object to the Defendants' Renewed Motion to Dismiss (Docs. No. 27 & 28) as responses to the Court's Order to show cause (Doc. No. 26). Further, the Court

---

[1] This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 9.)

1

construes Plaintiff's second Motion to Object to the Report and Recommendation of the Magistrate Judge (Doc. No. 32) as a supplemental response to the Court's Order to show cause (Doc. No. 26).

For the reasons stated herein, the undersigned finds that Defendants' Renewed Motion to Dismiss (Doc. No. 25) is due to be GRANTED in part and DENIED in part, Plaintiff's Amended Complaint is due to be DISMISSED without prejudice and Plaintiff's motions (Docs. No. 29 & 31) are due to be DENIED as moot.

## I.   BACKGROUND

On October 20, 2021, Plaintiff filed the instant action against Defendants alleging one state law claim for fraud for the denial of his insurance claims relating to ceiling damage in his residence caused by a water heater in his attic. (Doc. No. 1.) Plaintiff asserted this court had subject matter jurisdiction over his lawsuit based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  (*Id*. at ¶¶ 1-4.)  In addition to the declared amount in controversy of $2.8 billion, Plaintiff alleged diversity of citizenship existed because he is a citizen of Alabama, Alfa is located in Alabama, and HSB is located in Pennsylvania. (*Id*.)

On November 15, 2021, Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6 at 1-2.) On August 15, 2022, the undersigned

recommended the Court (1) grant in part and deny in part Defendants' motion to dismiss,[2] (2) dismiss Plaintiff's Complaint without prejudice, and (3) afford Plaintiff an opportunity to replead his case by filing an amended complaint that alleges a claim under federal law in accordance with the Federal Rules of Civil Procedure.[3] (Doc. No. 21.) Specifically, footnote three of the undersigned's Recommendation directed Plaintiff to "allege a claim against Defendants that invokes federal question jurisdiction in order for this Court to exercise supplemental jurisdiction over any fraud claim alleged" and, "[i]f Plaintiff repleads his fraud claim, it must be in addition to a claim stated under federal law for which this Court would have federal question jurisdiction." (*Id.*) On September 6, 2022, the Court adopted the undersigned's Recommendation and ordered Plaintiff to file an amended complaint by September 20, 2022. (Doc. No. 23.)

On September 9, 2022, Plaintiff filed his Amended Complaint.[4] (Doc. No. 24.) Defendants then moved to dismiss the Amended Complaint for lack of subject matter

---

[2] The undersigned recommended the Court deny Defendants' motion to dismiss pursuant to Rule 12(b)(1), but grant Defendants' motion to dismiss pursuant to Rule 12(b)(6).

[3] The undersigned also recommended that the Court deny as moot Plaintiff's motions for judgment on the merits (Docs. No. 12, 13, 14) and refer the matter back to the undersigned for further proceedings.

[4] The undersigned liberally construes Plaintiff's first Motion to Object to the Recommendation of the Magistrate Judge as an Amended Complaint because it is the only document he filed before expiration of the Court's September 20, 2022 deadline and the document includes a statement of facts, a claim for fraud, a demand for relief and alleges "the facts of the Plaintiff AMENDED Complaint are ADQUATE and APPORIATE [sic]." (Doc. No. 24 at 3-7.)

jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[5] (Doc. No. 25.) Defendants request that the Court dismiss the Amended Complaint with prejudice. (*Id*. at ¶¶8, 11.)

Plaintiff, in his largely indecipherable responses to Defendants' motion and two motions for judgment on the merits, argues that this Court should decide this case on its merits rather than procedural grounds and that he has adhered to the Federal Rules of Civil Procedure. (Docs. No. 27, 28, 29, 31.) Defendants reply that Plaintiff's filings "fail to remedy any of the prior deficiencies" and "Plaintiff still does not assert how the Honorable Court has proper jurisdiction over his suit." (Doc. No. 30 at ¶ 7.) Defendants argue again that the Court should dismiss the Amended Complaint with prejudice. (*Id*. at ¶ 13.)

This matter is ripe for disposition.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a district court determines that it lacks subject matter jurisdiction, it must promptly dismiss the case. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

There are two types of challenges to subject matter jurisdiction: facial and factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A facial attack

---

[5] Defendants also argue in a conclusory fashion that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 9(b) and fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 25 at ¶ 12.) "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). Because subject matter jurisdiction is lacking, the undersigned need not reach Defendants' other arguments.

tests the complaint to determine if, taking the allegations as true, it pleads facts establishing subject matter jurisdiction. *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack questions whether the complaint and the available evidence outside the pleadings prove subject matter jurisdiction.  *Id.* (quoting *Menchaca*, 613 F.2d at 511). It is the plaintiff's burden to satisfy subject matter jurisdiction's requirements.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

In addition, the court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.   DISCUSSION

As a preliminary matter, the undersigned finds that Defendants again have raised a facial attack to subject matter jurisdiction. Defendants rely on the insufficiency of Plaintiff's Amended Complaint, rather than outside testimony or affidavits, in moving to dismiss under Rule 12(b)(1). (*See* Doc. No. 25.) Hence, the undersigned accepts as true all

5

allegations in Plaintiff's Amended Complaint for purposes of deciding the instant motion.

*See Lawrence*, 919 F.2d at 1529.

> As the undersigned elucidated in the prior Recommendation
>
> Federal district courts exercise limited jurisdiction. *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). For a district court to adjudicate a claim it must have diversity or federal question subject matter jurisdiction, or it must act pursuant to a specific statutory grant of jurisdiction. *Id.* (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Diversity jurisdiction requires the case to "be between 'citizens of different states.'" *Thermoset Corp.*, 849 F.3d at 1317 (quoting 28 U.S.C. § 1332(a)(1)). In other words, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Corporations are citizens of all states in which they have been incorporated. 28 U.S.C. § 1332(c). Additionally, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). Diversity jurisdiction is determined as of the time the complaint was filed. *Thermoset Corp.*, 849 F.3d at 1317 (quoting *PTA-FLA, Inc.*, 844 F.3d at 1306). Meanwhile, federal question jurisdiction exists where a claim "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

(Doc. No. 21 at 6.) Plaintiff has the responsibility to state a ground for the Court's jurisdiction in his Amended Complaint. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

Here, Plaintiff simply did not fulfill his responsibility. Plaintiff's Amended Complaint re-alleges his fraud claim against Defendants, but it does not present a federal question nor contain any facts to establish the presence of subject matter jurisdiction. (Doc. No. 24.) This Court already determined that it lacks diversity subject matter jurisdiction over Plaintiff's fraud claim (Doc. No. 21 at 8; Doc. No. 23.) Thus, the Court afforded Plaintiff "an opportunity to replead his case by filing an amended complaint containing any claims he is raising under federal law." (Doc. No. 21 at 11.) Despite receiving an opportunity to "take a second bite at the apple," Plaintiff took no bite. Plaintiff's Amended Complaint contains no jurisdictional statement, presents no federal question, and offers no stated reason why this Court should have jurisdiction over his state law fraud claim. (Doc. No. 24 at 3–4.) Oddly, Plaintiff did exactly what the undersigned directed him <u>not</u> to do: He simply restated his fraud claim. (Doc. No. 21 at 12, n.3) (" … Plaintiff is not afforded leave to amend in order to simply restate his fraud claim.  If Plaintiff repleads his fraud claim, it must be in addition to a claim stated under federal law for which this Court would have federal question jurisdiction."). Because there is no federal question presented on the face of Plaintiff's Amended Complaint, this Court does not have subject matter jurisdiction over this matter and Defendants' facial attack to the Amended Complaint prevails.

Finally, Defendants contend this matter should be dismissed with prejudice because Plaintiff "failed to cure the initial deficiencies" in his Complaint through the filing of his Amended Complaint. (Doc. No. 25 at ¶ 8.) Defendants also contend the dismissal should be with prejudice because Plaintiff simply restated his fraud claim in his Amended Complaint, despite the undersigned's admonition not to do so. (*Id*. at ¶ 11.)

7

The undersigned recognizes Defendants' frustration with the repeated filings of Plaintiff but disagrees with their request. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman–Lewis Ltd*., 734 F.2d 767, 769 (11th Cir. 1984)). Consequently, Plaintiff's Amended Complaint is due to be dismissed without prejudice.

### IV.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1. Defendants' Renewed Motion to Dismiss (Doc. No. 25) be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. Defendants' Renewed Motion to Dismiss (Doc. No. 25) be DENIED as moot in all other respects.

3. Plaintiff's Amended Complaint (Doc. No. 24) be DISMISSED without prejudice.

4. Plaintiff's Motions for Judgment on the Merits (Docs. No. 29 & 31) be DENIED as moot.

It is further ORDERED that on or before **July 18, 2023**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in this Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

8

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of July, 2023.


JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE